MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
CATHERINE A. RICHARDSON
Senior Chief Deputy City Attorney
California State Bar No. 137757
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendant
City of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN, an individual; and ERIN SMITH, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, and DOES 1-10,<br><br>    Defendants. | Case No.  21cv224 MMA (WVG)<br><br>**JOINT MOTION FOR PROTECTIVE ORDER** |

Plaintiffs Mandy Lien and Erin Smith and Defendant City of San Diego respectfully submit the following joint motion for a protective order to facilitate the exchange of documents expected to be exchanged between the parties as follows:

**WHEREAS**, discovery and other proceedings in this action may involve the production or disclosure of confidential personal or otherwise protected information, including without limitation, confidential peace officer information and the identity and contact information of third parties, **IT IS HEREBY STIPULATED AND AGREED** by and between counsel for the parties, as follows:

    1.    Definitions of terms used in this Stipulated Protective Order ("Protective Order") are:

(a) "Proceeding" means the matter captioned *Mandy Lien and Erin Smith v. City of San Diego, et al.* Case No. 21cv224 MMA (WVG) in the United States District Court for the Southern District of California.

(b) "Confidential" refers to: (i) any information contained within a peace officer personnel file; (ii) the name, address, phone, license number, photo or likeness of any witness or other person interviewed by the San Diego Police Department; (iii) the private financial information, including the social security number of any party or witness; (iv) the private medical information, including psychiatric or psychological information, of any party or witness; (v) any other information deemed privileged or confidential pursuant to any State or Federal statute or regulation, or any court order; and (vi) anything that a party designates as such.

(c) "Document" refers to any book, pamphlet, periodical, letter, report, memorandum, notation, message, telegram, cable, record, study, working paper, file, chart, graph, photograph, film, video, index, tape, correspondence, record of purchase or sale, contract, agreement, lease, invoice, e-mail, electronic or other transcriptions or taping or recording of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter, or tangible thing, however produced or reproduced, including but not limited to electronically stored information.

2. After evaluating the document(s) and determining in good faith that specific information contained therein is confidential as defined in Paragraph 1 above, those portions of the document containing such confidential information may be redacted and/or designated as "Confidential" by stamping, typing or designating the document(s) as such.  If there is an inadvertent production of documents that bear pages containing an improper designation, those pages may be re-designated by providing written notice to the receiving party. Upon receiving a designation or re-designation via written notice, the receiving party shall treat the

document pages according to the confidential designation.

3.  Deposition testimony or other testimony may be designated "Confidential" either before the testimony is given, at the time the testimony is given, or at any time thereafter. The transcript and/or video recording of the designated testimony shall be bound in a separate volume and marked by the court reporter with the appropriate legend as directed by the designating party.

4.  Documents containing information designated "Confidential" shall not be disclosed or used for any purpose other than the defense, prosecution, or settlement of this Proceeding, unless all such confidential information is redacted.

5.  Unredacted "Confidential" documents may be seen only by:

(a) this Court and its personnel;

(b) attorneys working on this action on behalf of any party and such attorneys' employees and independent contractors who are involved in the preparation and trial of this action;

(c) independent experts and consultants, including experts or consultants who are not retained or are not expected to testify (pursuant to Paragraph 6 of this Protective Order);

(d) court reporters, videographers, commercial copy services, translators, demonstrative exhibit preparers, trial consultants, and data and computer support organizations hired by and assisting the attorneys for any party;

(e) any person from whom testimony is taken, where such person was an author or a recipient of the designated document or where counsel for the designating party has, either before or during the deposition, approved the disclosure of such documents to that person, except that such person may not retain any such documents;

(f) the individual parties and officers, directors and employees of any party; and

      (g) federal, state or local law enforcement agents pursuant to subpoena, warrant, or in the course of an investigation of criminal wrongdoing.

Neither unredacted "Confidential" documents nor the confidential information contained in the documents shall be disclosed to any other persons.

    6. Unredacted "Confidential" documents may only be shown to those persons identified in Paragraphs 5(c) and 5(e) above when disclosure of the documents is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached as EXHIBIT A for individuals and EXHIBIT B for organizations, by the person or entity receiving the disclosure to be bound by this Protective Order and to consent to the jurisdiction of the United States District Court for the Southern District of California for purposes of enforcing this Protective Order. The attorney for the party retaining the expert or consultant or subpoenaing the witness identified in Paragraph 5(c) or (e) above shall retain the written agreement for the duration of the litigation.

    7. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents or portions of documents obtained by such party independent of discovery from a party in this action, whether or not such documents or portions of documents are also obtained through discovery in this action, or from disclosing its own unredacted "Confidential" documents or portions of documents as it deems appropriate. Nor shall this Protective Order restrict the use or disclosure of documents or portions of documents that:

      (a) are in the public domain at the time of the use or disclosure;

      (b) become part of the public domain after the time of the use or disclosure, through no fault of the receiving party;

      (c) were received from a third party who was under no

obligation of confidentiality to the party that produced the documents; or

 (d) are derived or obtained independently of the use or disclosure.

The receiving party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

 8. If any party, agency or individual, who has received unredacted "Confidential" documents, is served with a subpoena or other judicial process demanding the production or disclosure of such documents, the receiving party, agency or individual shall redact the confidential information, or alternatively:

 (a) shall provide all parties hereto with a copy of such subpoena or other judicial process within ten days following receipt thereof;

 (b) shall inform the subpoenaing party that the requested documents are governed by the terms of the Protective Order in this case; and

 (c) shall not disclose or produce unredacted "Confidential" documents unless (i) the subpoenaed party receives written permission from the designating party, or (ii) the designating party fails to file a motion to protect disclosure of such documents.

This provision is not applicable to documents sought by federal, state or local law enforcement agents pursuant to subpoena, warrant, or in the course of an investigation of criminal wrongdoing in accord with Paragraph 5(g) above.

 9. If unredacted "Confidential" documents produced in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party

that produced the documents, shall make every possible effort to prevent any further disclosure by it or by the person(s) who received such documents.

10. This Protective Order shall not restrict disclosure of unredacted "Confidential" documents to the Court, its personnel, or any appellate court or federal district court in accordance with this paragraph. All materials filed with this Court that include documents containing unredacted confidential personal information designated "Confidential," or confidential personal information taken from such documents, shall be filed with personal confidential information redacted. If, however, the confidential personal information is relevant and necessary evidence and therefore cannot be redacted, the parties agree they will seek to file all such documents under seal pursuant to a stipulation between the parties in accord with Local Rule 5(g). All unredacted "Confidential" materials shall be filed in sealed envelopes or other appropriately sealed containers on which shall be recorded the title of this action, the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

**FILED UNDER SEAL AND SUBJECT TO PROTECTIVE ORDER**

11. This Stipulation shall be without prejudice to the right of any party to this action to bring before the Court at any time the question of whether any particular information is or is not "Confidential." This includes the ability to question whether a document filed under seal was appropriately designated "Confidential." Whenever a party to the Proceeding objects to the designation of unredacted documents as "Confidential," and if agreement by the parties cannot be reached as to categorization, the objecting party may apply to the Court for an order re-designating such unredacted documents, and, if applicable, unsealing such documents. The designating party shall have the burden of sustaining the designation.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. Upon final adjudication of this Proceeding, unless otherwise agreed to in writing by an attorney for the producing party, any party that has received unredacted "Confidential" documents shall, after storing them for the period of time called for by contract, State Bar guidelines, or any applicable state or federal law, destroy such unredacted "Confidential" documents, including any copies, summaries or compilations of such documents which contain the unredacted "Confidential" information.

14. The terms of this Protective Order shall not narrow or truncate any present or future pseudonym order issued by a Court of Law to protect the identity of a sexual assault victim.

15. The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Proceeding.

16. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these Proceedings.

/ / /
/ / /
/ / /
/ / /
/ / /

**RESPECTFULLY SUBMITTED AND SO STIPULATED:**

Dated: August 26, 2021          MARA W. ELLIOTT, City Attorney

                                By  *s/Catherine A. Richardson*
                                    Catherine A. Richardson
                                    Senior Chief Deputy City Attorney

                                Attorneys for Defendant
                                City of San Diego

Dated: August 26, 2021          LAW OFFICE OF BRYAN W. PEASE

                                By  *s/Bryan W. Pease*
                                    Bryan W. Pease, Esq.

                                Attorneys for Plaintiffs
                                Mandy Lien and Erin Smith

I, Catherine A. Richardson, certify that I have made a true and correct copy of this pleading available to attorney for the Plaintiffs, Bryan W. Pease, who has authorized me to electronically sign this pleading on his behalf according to the *Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California § 2(f)(4)*.