Bryan W. Pease, Esq. (SBN 239139)
**PEASE LAW, APC**
3960 W. Point Loma Blvd., Suite H-2562
San Diego, CA 92110
Tel: (619) 723-0369
Email: bryan@peaselaw.org

Attorney for Plaintiffs
Mandy Lien and Erin Smith

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN and ERIN SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, MATT NOVAK, ERNESTO SERVIN, RICK AGUILAR, ROBERT GASSMAN, ANDREW LE, RYAN HEINZE, SEAN HARN, ALYCE SULLIVAN, MICHAEL WHEELUS, RYAN WELCH, and DOES 1-10;<br><br>Defendants. | Case No. 21-CV-00224-MMA-WVG<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. After Donald Trump incited his treasonous supporters to storm the United States Capitol in a murderous rampage and failed coup attempt against a democratic election on January 6, 2021, Trump's insurrectionist followers began organizing marches and demonstrations around the country. One such demonstration took place in

1
**SECOND AMENDED COMPLAINT**

Pacific Beach on January 9, 2021.

2. As is typical with Donald Trump rallies, they are almost entirely white, and mostly male. On the other side, a diverse group of opponents to racism, xenophobia, fascism, falsehoods, and paranoia showed up to protest and show that these traitors to the United States and to democratic values would not be the only voices heard.

3. The San Diego Police Department ("SDPD"), whose ranks and command structure are infested with racist, secessionist supporters of Donald Trump, took a heavy handed approach to *only* the anti-Trump side, spraying peaceful protesters with pepper spray, shooting them with pepperballs, and beating them with batons. Meanwhile, SDPD officers also high-fived and chatted it up with the violent pro-Trump side, including some who were later identified as being part of the assault on the U.S. Capitol.

4. SDPD declared an "unlawful assembly" pursuant to Penal Code § 407, but then dispersed *only* those on the anti-Trump side, including Plaintiffs, and forced them to disperse under threat of arrest, while allowing the pro-Trump side to continue demonstrating in the exact same area, and to parade down the Pacific Beach boardwalk.

5. Defendants admitted through a spokesperson in a January 11, 2021 San Diego Union Tribune article that they engaged in viewpoint discrimination against only the anti-Trump side. ("Police say unlawful assembly during Pacific Beach protests applied to counterprotesters only," by David Hernarndez, San Diego Union Tribune, January 11, 2021.)

6. Plaintiffs seek damages and injunctive relief enjoining Defendants from engaging in viewpoint discrimination at protests, and from declaring assemblies to be "unlawful" when the allegedly unlawful acts can be addressed by arresting the individuals responsible instead of infringing on the First Amendment rights of peaceful protesters and bystanders.

7. The purpose of the unlawful assembly statutes, Penal Code §§ 407-409, are to allow police in emergencies to treat bystanders the same as instigators of violence and to disperse everyone for public safety. The purpose is not to allow police to favor one

2
**SECOND AMENDED COMPLAINT**

side of a conflict, and to disperse mere bystanders and peaceful demonstrators on the side police disagree with. If police have the ability to distinguish instigators and lawbreakers from bystanders and peaceful demonstrators, they are to arrest the former for the protection of the latter and the general public. Dispersing bystanders and peaceful demonstrators on *only one side* of a dispute violates the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

8. This action arises under Title 42 United States Code ("U.S.C.") §1983. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue in this judicial district is proper as Defendants are all located in this district, and all acts and omissions occurred here.

## PARTIES

10. Plaintiff MANDY LIEN is an individual residing in San Diego County.

11. Plaintiff ERIN SMITH is an individual residing in San Diego County.

12. Defendant CITY OF SAN DIEGO is a charter city in California.

13. Defendant MATT NOVAK is, and at all relevant times was, a San Diego Police Department captain and is named in both his individual and official capacities.

14. Defendant ERNESTO SERVIN is, and at all relevant times was, a San Diego Police Department lieutenant and is named in both his individual and official capacities.

15. Defendant RICK AGUILAR is, and at all relevant times was, a San Diego Police Department lieutenant and is named in both his individual and official capacities.

16. Defendant ROBERT GASSMAN is, and at all relevant times was, a San Diego Police Department sergeant, and is named in both his individual and official capacities.

17. Defendant ANDREW LE is, and at all relevant times was, a San Diego Police Department officer and is named in both his individual and official capacities.

18. Defendant RYAN HEINZE is, and at all relevant times was, a San Diego Police Department officer and is named in both his individual and official capacities.

19. Defendant SEAN HARN is, and at all relevant times was, a San Diego Police Department officer and is named in both his individual and official capacities.

20. Defendant ALYCE SULLIVAN is, and at all relevant times was, a San Diego Police Department officer and is named in both her individual and official capacities.

21. Defendant MICHAEL WHEELUS is, and at all relevant times was, a San Diego Police Department officer and is named in both his individual and official capacities.

22. Defendant RYAN WELCH is, and at all relevant times was, a San Diego Police Department officer and is named in both his individual and official capacities.

23. The fictitiously named DOE Defendants are SDPD officers, supervisors, and other City officials, who inflicted, directed, controlled, and/or ratified the harm alleged herein. The true names and capacities of these DOE Defendants will be added when they are ascertained.

## FACTUAL ALLEGATIONS

24. Plaintiff Mandy Lien drove from her small business in Hillcrest and arrived in Pacific Beach at 1:05 p.m. on January 9, 2021. She was there to peacefully protest a white nationalist rally led by hate groups from East County. Lien parked in the CVS parking lot at 4445 Mission Blvd.

25. Lien was dressed with a shirt that said, "don't pretend your patriotism isn't racism," yoga pants and a red hat that supports Black Lives Matter. As Lien was paying for her parking, she was yelled at and surrounded by people that were angry about her shirt and hat. At that point Lien decided to turn on her body camera that she purchased after seeing how dangerous these groups can be. Lien's friends, also all women and moms, found her, and they all walked to the boardwalk as a group.

26. Lien and her group of moms walked and chanted, hopeful that their presence would discourage those that mean to spread hate. There were a few interactions between activists and opposing parties that showed up to instigate and agitate. That is when Lien observed police officer on bikes approaching. At the pier there were a handful of officers at the street, but at some point they must have left because Lien and her group walked up Garnett and made a right on Mission Boulevard, where they saw a line of officers and the group of white nationalists behind them. This was at the Hornblend intersection.

27. Seeing more than 25 officers in riot gear facing them and less than ten facing the white nationalist group that is known for carrying weapons was disappointing but not surprising. Lien asked a female office why the other group was not being asked to leave and was getting different treatment, to which this officer said they will be asked to leave as well. This would later be proven false.

28. Lien observed people from the white nationalist group walking over and through the alley behind the Sketchers store. They were instigating and pepper spraying people. SDPD did not effectively keep tourists or curious individuals away or safe as they were walking up and around asking what was happening. Lien observed that they had police tape across the street and around the white nationalist gathering.

29. When it was apparent the police were only interested in using excessive force against the anti-Trump protestors, Lien and her mom friends decided it was in their best interest to leave to avoid injury. As they were walking to leave, the police line quickly moved forward and began pepper balling the crowd. Lien's friend, Plaintiff Erin Smith, who Lien estimated to be about 5-1 or 5-2 and maybe 105-110 pounds, tripped. The police line started hitting her with batons and yelling at her while she was on the ground. Lien tried to get to her to help her up and was hit by a female officer and constantly told to stay back.

30. Smith was able to get up, and they moved to a safe place after being pepper balled from behind. Lien decided to leave, but her car was parked at the CVS where the

white nationalists were gathered. Lien and her friends decided they would walk together and her to her car then they would leave together. While walking to her car, Lien was approached by men calling her a "cunt" and threatening her safety.

31. In the days that followed, Lien has lost all trust in SDPD to be a law enforcement department to fairly protect and serve, after seeing footage of SDPD officers shaking hands with criminals and seeing them allow the white nationalist group remain and rally on the boardwalk.

32. Smith lives in Pacific Beach and on January 9, 2021 walked down to her local beach with her 66-year-old mother to peacefully counter protest a rally bringing neo-nazis from out of town. Smith was standing with fellow protesters peacefully protesting. Suddenly SDPD yelled, "Move! Move! Move!" There was less than 10 feet between Smith and the police, so by the time she understood what was happening, she was already face to face with an officer with her baton at her chest.

33. Smith had been backing up as fast as she could. There were people behind her, and she did not want to start a dangerous stampede. When the officer moved in on Smith, she shoved Smith backwards with her baton, so Smith tripped and fell, hitting the pavement hard.

34. At that point, from the ground, Smith could see the line of officers to her right moving on and thought the line would pass over her, as she obviously was not a threat. Instead, from the ground, Smith saw a swarm of police batons and arms coming towards her. Smith remember noticing the blue sky fading and then being inside a dark huddle surrounded by police. She was feeling forceful strikes, so her immediate reaction was to tuck into the fetal position and protect her head.

35. Smith knew there were at least three lines of SDPD and some other law enforcement in green. And she knew there were more police and the pro-Trump terrorists behind them. Smith feared for her life as she was being bludgeoned by a group of male officers. She was screaming, "I just tripped! I just tripped!"

36. An officer straddled Smith's backpack she was wearing so she could not get up. A group of male officers huddled around her, with an inner circle of police beating her. There was a middle circle to hide what was happening to her, and they had officers to fend off the people trying to help her.

37. Finally the officers decided to pull back from Smith. After they let her up, she was walking away to find her mom and walk home. Police then shot Smith in the back of the arm with a pepper ball, leaving a huge welt.

38. After being assaulted by SDPD, Smith walked her friend Mandy Lien to her car. It was parked at CVS and surrounded by Trumpers. As Lien as getting into her car, Smith and Lien were surrounded by pro-Trump protesters yelling at Lien and Smith for wearing Black Lives Matter clothing.

39. Smith got Lien in her car and Smith's 66 year old mother and walked back home. As they were leaving, a man with a "Don't tread on me" flag began following them. Smith told him to stop following them, at which point he began screaming at them. SDPD came over to Smith's mother and Smith and told them both to leave, which is exactly what they wanted to do. Smith and her mother just did not want to be followed by the pro-Trump terrorist who was stalking them with the tacit approval of SDPD. Having police tell Smith and her mother, Pacific Beach residents and homeowners, to leave their own city so Trump supporting terrorists could continue to harass people was also traumatic.

40. Plaintiffs submitted claims to the City of San Diego pursuant to the California Tort Claims Act on February 6, 2021 for their state law claims. The City never responded to the claim, and thereby denied the claims by operation of law within 45 days. Accordingly, Plaintiffs have complied with the Tort Claims Act for their state law claims and timely included their state law claims in the First Amended Complaint filed on June 7, 2021. (ECF No. 8.)

# FIRST CAUSE OF ACTION

## Violation of 42 U.S.C. §1983 – First and Fourth Amendment

### (Against Individual Defendants)

41. Plaintiffs re-allege and incorporate by reference all prior paragraphs as though each were set forth herein in full.

42. The individual Defendants each conspired to violate and did violate and/or ratify the violation of the First, Fourth, and Fourteenth Amendment rights of Plaintiffs by declaring an "unlawful assembly" on January 9, 2021, and then dispersing only the anti-Trump side of the intersection, including Plaintiffs, while allowing the pro-Trump side to continue demonstrating at the exact same location.

43. The individual Defendants also violated the First, Fourth, and Fourteenth Amendment rights of Plaintiffs by impacting Plaintiffs with chemical weapons and batons, with the intention of forcing Plaintiffs to leave a public forum where they were peacefully assembling and protesting.

44. Defendants further violated the First, Fourth, and Fourteenth Amendment rights of Plaintiffs by engaging in viewpoint discrimination, dispersing only the anti-Trump side of the intersection, and allowing the pro-Trump side to continue to assemble and march at the same time and location.

# SECOND CAUSE OF ACTION

## Cal. Civil Code § 51.7

### (Against All Defendants)

45. Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

46. The individuals Defendants each threatened Plaintiffs with physical violence due to Plaintiffs' identification as anti-Trump protesters.

47. In threatening Plaintiffs with unlawful physical violence, the individual Defendants were each acting in the course and scope of their employment as on duty

SDPD officers. Accordingly, the City is vicariously liable for the actions of the individual Defendants.

48. Some individual police officers acting in the course and scope of their employment with SDPD also subjected Plaintiffs to actual physical violence due to Plaintiffs' identification as anti-Trump protesters. The City is vicariously liable for these actions as well.

49. At all relevant times, each Defendant was acting as an accomplice and co-conspirator to each other Defendant to violate the rights of Plaintiffs.

50. The individual Defendants enforced the unlawful assembly declaration on January 9, 2021 in a discriminatory fashion, failing to disperse the pro-Trump side of the intersection where the unlawful assembly was declared, and instead dispersing only the anti-Trump side.

51. The individual Defendants' actions were in part motivated by racial animus, as the pro-Trump side was almost entirely white, while the anti-Trump side was mostly black and brown.

52. The individual Defendants subjected Plaintiffs and all others similarly situated to physical violence and threat of physical violence because of their perceived political affiliation and racial makeup of the group.

53. The City is vicariously liable for the actions of the individual Defendants, who were SDPD officers acting in the course and scope of their employment.

### THIRD CAUSE OF ACTION
### Civil Code § 52.1
### (Against all Defendants)

54. Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

55. The individuals Defendants each threatened Plaintiffs with physical force in order to coerce Plaintiffs to cease engaging in speech and assembly protected by the First Amendment.

56. In threatening Plaintiffs with unlawful physical force, the individual Defendants were each acting in the course and scope of their employment as SDPD officers. Accordingly, the City is vicariously liable for the actions of the individual Defendants.

57. At all relevant times, each individual Defendant was acting as an accomplice and co-conspirator to each other individual Defendant to violate the rights of Plaintiffs.

58. The individual Defendants used force and threat of force, including threat of false arrest, to stop Plaintiffs from exercising their free speech rights and peacefully assembling in a public forum, while allowing the pro-Trump side to remain demonstrating at the same location where Defendants declared the assembly to be "unlawful."

59. Defendants subjected Plaintiffs to physical violence and threat of physical violence in order to silence their message.

60. The City is vicariously liable for the actions of its employees, including the individual Defendants and all other SDPD officers acting in the course and scope of their employment.

## FOURTH CAUSE OF ACTION
### Negligence – Cal. Civil Code § 1714
### (Against All Defendants)

61. Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

62. The individual Defendants had a duty not to conduct themselves the way they did, in threatening to arrest and dispersing Plaintiffs with physical force and chemical weapons.

63. The individual Defendants also had a duty not to declare an "unlawful assembly" when they could have instead protected the First Amendment rights of Plaintiffs by arresting violent actors.

64. The individual Defendants also had a duty not to enforce an "unlawful assembly" declaration in a discriminatory manner, against only one side of the dispute.

65. The individual Defendants breached these duties when they declared an "unlawful assembly" on January 9, 2021 despite being fully able to control the scene and arrest anyone engaging in violent or unlawful acts.

66. The individual Defendants further breached these duties on January 9, 2021 when they enforced the unlawful assembly declaration in a discriminatory manner, dispersing *only* the anti-Trump side.

67. The individual Defendants thereby proximately caused damages to Plaintiffs in the form of pain, suffering, and emotional distress.

68. Plaintiffs have been damaged in an amount to be proven at trial by the individual Defendants' breaches of their duties, for which the City is vicariously liable.

69. At all relevant times, each individual Defendant was acting as an accomplice and co-conspirator to each other individual Defendant to breach the duties owed to Plaintiffs.

70. At all relevant times, the individual Defendants were each acting in the course and scope of their employment as SDPD officers. Accordingly, the City is vicariously liable for the actions of the individual Defendants.

## SIXTH CAUSE OF ACTION

### Assault and Battery

### (Against All Defendants)

71. Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

72. The individual Defendants subjected Plaintiffs to harmful and offensive physical contact and imminent fear of harmful and offensive physical contact, including through the use of batons, pepperballs, and other chemical weapons, on January 9, 2021.

73. At all relevant times, each individual Defendant was acting as an accomplice and co-conspirator to each other individual Defendant to subject Plaintiffs to

harmful and offensive physical contact, and imminent fear of harmful and offensive physical contact.

74. At no point did Plaintiffs consent to Defendants' actions.

75. Plaintiffs have been damaged in an amount to be proven at trial by the individual Defendants' actions.

76. At all relevant times, the individual Defendants were each acting in the course and scope of their employment as SDPD officers. Accordingly, the City is vicariously liable for the actions of the individual Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact, against all Defendants.

(2) For a $25,000 statutory penalty per Plaintiff, per violation of Cal. Civil Code §§ 51.7 and 52.1, pursuant to Cal. Civil Code § 52;

(3) For a permanent injunction pursuant to Cal. Civil Code § 52.1 to prevent Defendants from enforcing Cal. Penal Code §§407-409 in a manner in which Defendants disperse and/or arrest peaceful individuals merely for being present on only one side of a dispute, while allowing those on the other side to remain at the same location unimpeded.

(4) For a permanent injunction pursuant to Cal. Civil Code § 52.1 enjoining Defendants from declaring an "unlawful assembly" when unlawful acts can instead be remedied by arresting individual lawbreakers;

(5) For a permanent injunction pursuant to Cal. Civil Code § 52.1 enjoining Defendants from continuing to disperse individuals from an assembly that has been declared "unlawful," once the criminal elements for having declared the assembly to be "unlawful" are no longer present;

(6) For reasonable attorney's fees and costs and expenses of litigation, pursuant to U.S.C. §§1983-1988, Cal. Civ. Code §§52, 52.1, and any other relevant statutory or case law, against all Defendants.

(7) For any and all other relief, including interest, to which Plaintiffs may be entitled under the law.

Dated:  December 7, 2021           By:   /s/ Bryan W. Pease
                                         Bryan W. Pease, Esq.
                                         Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to each and every cause of action against each and every defendant.

Dated:  December 7, 2021           By:   /s/ Bryan W. Pease
                                         Bryan W. Pease, Esq.
                                         Attorney for Plaintiffs