# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 21-cv-224-MMA (WVG)<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 18, 2021 ORDER**<br><br>[Doc. No. 24] |

　　　Plaintiffs Mandy Lien and Erin Smith (collectively, "Plaintiffs") bring this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of San Diego (the "City"), Captain Matt Novak, Lieutenant Ernesto Servin, Lieutenant Rick Aguilar, Sergeant Robert Gassman, Officer Andrew Le, Officer Ryan Heinze, Officer Sean Harn, Officer Alyce Sullivan, Officer Michael Wheelus, Officer Ryan Welch, and unidentified Does (collectively, "Defendants"). *See* Doc. No. 34 ("Second Amended Compl.").

　　　On October 18, 2021, Magistrate Judge William V. Gallo issued an order denying Plaintiffs' motion to compel production of the unredacted versions of four documents. *See* Doc. No. 23. On November 1, 2021, Plaintiffs objected to Judge Gallo's order pursuant to Federal Rule of Civil Procedure 72(a), to which Defendant City of San Diego

responded. *See* Doc. Nos. 24, 31. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 28. For the reasons set forth below, the Court **OVERRULES** Plaintiffs' objections.

## I. Background

Plaintiffs' action arises from a demonstration involving supporters and opponents of former President Donald Trump that took place in Pacific Beach on January 9, 2021. *See* Second Amended Compl. ¶¶ 1, 2, 24. Plaintiffs claim that the San Diego Police Department dispersed only "those on the anti-Trump side" of the demonstration, in violation of their First, Fourth, and Fourteenth Amendment rights. *Id.* ¶¶ 4, 7.

In response to one of Plaintiffs' requests for production of documents, the City produced a twelve-page group of documents that contained, inter alia, (1) an outside agency's "Special Bulletin" regarding a named suspect who threw a burning munition canister at anti-Trump protesters at a January 9, 2021 protest in Pacific Beach, and (2) identifying information and photographs of two suspected "antifa" members who are subjects of ongoing criminal investigations. *Id.* at 1–2. The City redacted identifying information of the three individuals from portions of four of the twelve pages it produced. *Id.* at. 2. Plaintiffs sought unredacted copies of the documents. *Id.*

The City's redactions can be categorized into two groups. *Id.* The first group involves redactions of the name of a suspect who threw a burning munition canister at anti-Trump protestors. *Id.* The redactions appear on pages COSD000219 and COSD000220. *Id.* The second group involves redactions of the full names, dates of birth, photographs, and prior arrest history of two suspected antifa members who were present at the January 9 event. *Id.* These redactions appear on pages COSD000229 and COSD000230. *Id.*

The City refused to produce unredacted copies of these documents, claiming that the information is protected by various privileges. *Id.* at 14–18. On October 4, 2021, Judge Gallo held a discovery conference and ordered briefing on the matter. *Id.* at 1. On October 18, 2021, Judge Gallo issued an order denying Plaintiffs' motion to compel

production of the unredacted documents.  Doc. No. 23.  On November 1, 2021, Plaintiffs filed the instant objections to Judge Gallo's discovery order.  Doc. No. 24.

## II. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)).  "Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

"When reviewing discovery disputes, however, the Magistrate [Judge] is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

## III. DISCUSSION

Plaintiffs object to Judge Gallo's discovery order on three grounds.  *See* Doc. No. 24 at 2.  Specifically, Plaintiffs contend that Judge Gallo erred in his: (1) application of the law enforcement privilege; (2) application of the official information privilege; and (3) decision to deny Plaintiffs' motion to compel "despite there being a protective order in place that would prevent dissemination of the documents or their use for anything other than this litigation." *Id.*  The Court addresses each of Plaintiffs' objections in turn.

A.   **Law Enforcement Privilege**

Although the Ninth Circuit has not expressly recognized the law enforcement privilege, several courts within this circuit have acknowledged and applied it. *See Jones v. Hernandez*, No. 16-CV-1986 W (WVG), 2018 U.S. Dist. LEXIS 71378, at *8–10 (S.D. Cal. Apr. 27, 2018); *Roy v. County of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 914773, at *12 (C.D. Cal. Feb. 7, 2018); *United States v. Rodriguez-Landa*, No. 13-cr-00484-CAS, 2019 WL 653853, at *16 (C.D. Cal. Feb. 13, 2019). The law enforcement investigatory privilege is based on the harm to law enforcement efforts that might arise from public disclosure of investigatory files. *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981). The party claiming the privilege has the burden to establish its existence. *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).

In his discovery order, Judge Gallo applied the following test in deciding whether the law enforcement privilege applies to the redacted information at issue:

> 'In order to assert the privilege, the following requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information, (2) assertion of the privilege must be based on actual personal consideration by that official, and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.' *Roman v. Wolf*, No. EDCV20-0768-TJH(PVC), 2020 U.S. Dist. LEXIS 213025, at *5 (C.D. Cal. July 16, 2020) (citing *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000)).

Doc. No. 23 at 4–5.

   1.   *Identification of the Suspect Who Threw a Burning Munition Canister*

Judge Gallo found the following regarding the applicability of the law enforcement privilege to the redactions on COSD000219 and COSD000220:

> Here, Defendant has met its burden. The City submitted a signed declaration from SDPD Captain Novak, who avers that he personally reviewed the redacted documents and explains the need for the privilege and redactions: an ongoing, pending criminal prosecution against the male shown holding what appears to be an incendiary grenade . . . Safeguarding this information under these circumstances is precisely the purpose of the law enforcement investigation privilege.

Doc. No. 23 at 4–5.

Plaintiffs argue that Judge Gallo's application of the law enforcement investigatory privilege to the identity of the suspect who threw a burning munition canister is contrary to law. Doc. No. 24 at 4–5. Specifically, Plaintiffs argue that "[t]he Declaration of Captain Novak is [ ] incapable of exerting . . . the 'law enforcement investigation privilege,' as he is not the 'head of the department having control over the requested information' because "the investigation was by the Sheriff's Department, not SDPD." *Id.* at 5. Additionally, Plaintiffs argue that "Captain Novak does not state he is the 'head' of the department as is required to invoke the privilege." *Id.*

Plaintiffs' argument is unsupported by the plain language of the law enforcement privilege test. The test states that "there must be a formal claim of privilege by the head of the department *having control over* the requested information[,]" *Roman*, 2020 U.S. Dist. LEXIS 213025, at *5 (emphasis added), not that declarant must be head of the department that was the genesis of the information. In his Declaration, Captain Novak declares—under penalty of perjury—that he is "employed by the San Diego Police Department[,]" that he is "currently assigned as a Captain to Investigations 1 Unit[,]" that his "duties include the supervision and oversight of the operations of that unit[,]" that he has personally reviewed the redactions at issue, and that "[t]he redacted information was generated or collected by SDPD which has maintained its confidentiality." Doc. No. 23 at 19–20. Plaintiffs do not cite, and the Court is unaware of, any binding case law suggesting this declaration is insufficient or that the law enforcement privilege test requires particular language be used to properly invoke the privilege. Plaintiffs therefore

fail to show that Judge Gallo's order is clearly erroneous or contrary to law. *See, e.g.*, *Jones*, 2018 U.S. Dist. LEXIS 71378, at *8–10. Accordingly, the Court **OVERRULES** Plaintiffs' objection on this ground.

### 2. Identifying Information of Suspected "Antifa" Members

Judge Gallo found the following regarding the applicability of the law enforcement privilege to the redactions on COSD000229 and COSD000230:

> Here, Defendant has met its burden. The City submitted a signed declaration from SDPD Captain Novak, who avers that he personally reviewed the redacted documents and explains the need for the privilege and redactions: . . . ongoing active criminal investigations by the Joint Terrorism Task Force against the [ ] two individuals. Safeguarding this information under these circumstances is precisely the purpose of the law enforcement investigation privilege.

Doc. No. 23 at 4–5.

Plaintiffs similarly argue that Judge Gallo's application of the law enforcement investigatory privilege to the identifying information of the two suspected "antifa" members is contrary to law. Doc. No. 24 at 6–7. Specifically, Plaintiffs argue that Captain Novak's declaration is insufficient because he "does not explain what [the Joint Terrorism Task Force] is or what agencies it is comprised of" and that "[h]e is certainly not the head of this department either, and is thus incapable of asserting a privilege for the City to withhold this information." *Id.* at 6.

Plaintiffs' argument is unpersuasive. Captain Novak states that he is "Captain to Investigations 1 Unit[,]" that his "duties include the supervision and oversight of the operations of that unit[,]" that he has personally reviewed the redactions at issue, and that "[t]he redacted information was generated or collected by SDPD which has maintained its confidentiality." Doc. No. 23 at 19–20. Again, Plaintiffs provide no case law suggesting this is insufficient, and the law enforcement privilege test itself does not require that particular language be used in the declaration to properly invoke the privilege. *See Roman*, 2020 U.S. Dist. LEXIS 213025, at *5.

Plaintiffs' additional arguments that the privilege is inapplicable because "the individuals are not under any 'investigation' for their participation in the protest" and because the declaration "does not explain at all how or why 'the investigation could be compromised if their identifying information is released'" are similarly unavailing. Doc. No. 24 at 6–7.  In his Declaration, Captain Novak states that the two individuals "are targets of the Joint Terrorism Task Force and the investigation could be compromised if their identifying information is released." Doc. No. 23 at 20.  The purpose of the law enforcement privilege is "to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-2366-BAS-KSC, 2020 U.S. Dist. LEXIS 112345, at *8 (S.D. Cal. June 26, 2020) (quoting *Chinn v. Blankenship*, No. 09-5119 RJB, 2010 WL 11591399, at *6 (W.D. Wash. Feb. 26, 2010)).  Limiting the privilege to law enforcement activities directly at issue in the case at bar is at odds with this purpose; it would narrow the privilege and make it effectively useless.  Nor does the test applied by Judge Gallo include the requirement that the government explain "how or why" the investigation could be compromised, but instead only states that "the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." Doc. No. 23 at 4.  Judge Gallo found that this requirement was met:

> Here, the Defendant has met its burden.  The City submitted a signed declaration from SDPD Captain Novak, who . . . explains the need for the privilege and redactions: . . . ongoing active criminal investigations by the Joint Terrorism Task Force against the [ ] two individuals.  Safeguarding this information under these circumstances is precisely the purpose of the law enforcement investigation privilege.

*Id.* at 4–5.  No binding authority rejects the three-part test applied by Judge Gallo.  *See Shah v. DOJ*, 714 F. App'x 657, 660 n.1 (9th Cir. 2017) ("[T]he U.S. Supreme Court and the Ninth Circuit have yet to recognize or reject a "law enforcement privilege.").

Accordingly, his application of the test is not clearly erroneous or contrary to law. *See, e.g.*, *Jones*, 2018 U.S. Dist. LEXIS 71378, at *8–10. Therefore, the Court **OVERRULES** Plaintiffs' objection on this ground.

### B.  Official Information Privilege

Having determined that the law enforcement privilege applies, the Court declines to address whether the official information privilege also applies to the redactions at issue. Accordingly, the Court **OVERRULES AS MOOT** Plaintiffs' objection on this ground.

### C.  The Protective Order

Alternatively, Plaintiffs contend that they should be entitled to the unredacted versions because the protective order "would prevent dissemination of the documents or their use for anything other than this litigation." Doc. No. 24 at 2. However, this argument is unavailing. Plaintiffs seek to depose or at least contact these three individuals regarding their potential involvement in the January 9, 2021 event. A protective order does not solve the quandary of alerting the three individuals, through contact initiated by counsel, to active criminal investigations into them or pending prosecutions against them. Further, as Judge Gallo pointed out, Plaintiffs are not prejudiced by the City's redactions because "any evidence these three individuals may have is readily obtainable from a multitude of other sources without compromising active criminal investigations or pending prosecutions." Doc. No. 23 at 6. Accordingly, the Court **OVERRULES** Plaintiffs' objection on this ground.

\*\*\*

## IV. CONCLUSION

Based on the foregoing, the Court finds that Judge Gallo's October 18, 2021 discovery order was neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiffs' objections.

**IT IS SO ORDERED.**

Dated: January 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge