UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　Defendant. | Case No.: 21-CV-224-MMA(WVG)<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER** |

On March 8, 2022, the Parties filed a Joint Motion to Modify Scheduling Order ("Joint Motion") seeking the Court's approval to modify the August 25, 2021, Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order"). (Doc. No. 40.) The Joint Motion requested that the Court (1) extend the fact discovery deadline and all other deadlines set in the Scheduling Order, and (2) extend all discovery deadlines set in the Scheduling Order by 60 days. For the reasons set forth below, the Court GRANTS (1) a first extension of all discovery deadlines set in the Court's Scheduling Order, including the fact discovery cutoffs, and (2) extends all discovery deadlines in the Scheduling Order by 60 days.

As provided in the Court's Scheduling Order, the dates and times set forth in the Scheduling Order will not be modified except for good cause shown. In determining

whether to modify a scheduling order the Court considers the "good cause" standard set out by Federal Rules of Civil Procedure 16(b)(4) ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds the Parties have made a diligent effort to conduct discovery within the Scheduling Order's deadlines. Plaintiffs have already completed their written fact discovery. Defendants' have also made meaningful progress during fact discovery. Defendants' remaining fact discovery entails obtaining Plaintiffs' responses to written discovery requests Defendants have already propounded and deposing Plaintiffs thereafter. The Court further finds good cause in Plaintiff Erin Smith's unforeseeable selection to serve as a juror for a three-week jury trial, which will not be completed until March 18, 2022. Given the trial in which she must serve as a juror, Plaintiff Erin Smith's unavailability during the remainder of the fact discovery period renders the Parties unable to complete fact discovery by March 25, 2022, as the operative Scheduling Order presently requires. Accordingly, the Court CONTINUES the following deadlines:

1. All fact discovery must be completed by all parties no later than **May 24, 2022.**
2. The parties must designate their respective experts in writing no later than **June 24, 2022**.

3. The date for exchange of rebuttal experts must be on or before **July 8, 2022**.

4. No later than **August 8, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.

5. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) on or before **August 22, 2022**.

6. All expert discovery must be completed by all parties no later than **September 20, 2022**.

7. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed on or before **October 21, 2022**.

8. A Mandatory Settlement Conference shall be conducted on **June 3, 2022**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo.

Absent an unequivocal showing of good cause, no further extensions to the Scheduling Order will be granted.

**IT IS SO ORDERED.**

DATED: March 9, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge