MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
CATHERINE A. RICHARDSON, Senior Chief Deputy City Attorney
California State Bar No. 137757
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN, an individual; and ERIN SMITH, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a charter city; and DOES 1-10,<br><br>    Defendants. | Case No. 21cv224 MMA (WVG)<br><br>**DECLARATION OF CATHERINE A. RICHARDSON IN SUPPORT OF MOTION BY DEFENDANTS MATT NOVAK, ERNESTO SERVIN, RICK AGUILAR, ROBERT GASSMAN, ANDREW LE, RYAN HEINZE, SEAN HEARN, ALYCE SULLIVAN, MICHAEL WHEELUS, AND RYAN WELCH TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO SERVE IN COMPLIANCE WITH FRCP 4(m)**<br><br>Date: January 23, 2023<br>Time: 2:30 p.m.<br>Judge: Hon. Michael M. Anello<br>Courtroom: 3C |

I, Catherine A. Richardson, declare as follows:

1. I am an attorney duly licensed to practice law before all of the courts of the State of California. I am a Senior Chief Deputy City Attorney in the Civil Litigation Division of the Office of the San Diego City Attorney, attorney of record for defendants City of San Diego, Matt Novak, Ernesto Servin, Rick Aguilar, Robert Gassman, Andrew Le, Ryan Heinze, Sean Hearn, Alyce Sullivan, Michael

///

Wheelus, and Ryan Welch in the above-captioned case. I am familiar with the facts, allegations, and proceedings of this case and if called as a witness, I could and would competently testify to the following facts of my own personal knowledge.

2. On March 9, 2022, Magistrate Gallo issued an order Granting Joint Motion to Modify Scheduling Order. (ECF No. 41.) The City complied with the Court's amended scheduling order. It timely completed its discovery, including designating a use of force expert witness, timely complying with its disclosure obligations, and timely filing its motion for summary judgment. Plaintiffs did not designate any expert witnesses and did not depose the City's expert. In fact, after the Second Amended Complaint was filed, Plaintiffs conducted **no discovery**.

3. Despite knowing the identity of the ten individual SDPD officers more than a year ago, and adding the officers as defendants by way of the Second Amended Complaint on December 7, 2021, Plaintiffs did not serve the officers with summons or the Second Amended Complaint until October 31, 2022, and only after the City filed and served its motion for summary judgment and motion to dismiss, which includes a request that the individual defendant officers be dismissed. Plaintiffs did not take any depositions or serve any deposition notices. They did not designate any expert witnesses and did not depose the City's expert witness. Moreover, the deadline for fact and expert discovery has passed.

4. If Plaintiffs are permitted to proceed against the officers at this late date, the officers will either be precluded from conducting discovery and filing dispositive motions or, alternatively, the deadlines for discovery and dispositive motions will have to be re-opened. Defendants will request the opportunity to propound written discovery on Plaintiffs to determine the basis for their claims against the officers. This information will then need to be provided to the City's use- of-force expert and may result in an amended Rule 26 report.

///

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of November, 2022, at San Diego, California.

> */s/ Catherine A. Richardson*
> CATHERINE A. RICHARDSON
> CRichardson@sandiego.gov