UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY LIEN and ERIN SMITH,<br><br>                                    Plaintiffs,<br>v.<br>CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No. 21-cv-224-MMA (WVG)<br><br>**ORDER (1) GRANTING OFFICER DEFENDANTS' MOTION TO DISMISS; (2) DENYING IN PART AND GRANTING IN PART DEFENDANT CITY'S MOTION TO DISMISS; AND (3) DENYING AS MOOT DEFENDANT CITY'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 47, 48, 53] |

Plaintiffs Mandy Lien ("Lien") and Erin Smith ("Smith" and together with Lien, "Plaintiffs") bring this civil rights action under 42 U.S.C. § 1983 against Defendants City of San Diego ("City"), Matt Novak, Ernesto Servin, Rick Aguilar, Robert Gassman, Andrew Le, Ryan Heinze, Sean Harn, Alyce Sullivan, Michael Wheelus, Ryan Welch, and Does (collectively, "Defendants"). *See* Doc. No. 34 ("Second Amended Complaint" or "SAC").[1] Defendant City moves for summary judgment as to Plaintiffs' second, third,

---

[1] Defendants Matt Novak, Ernesto Servin, Rick Aguilar, Robert Gassman, Andrew Le, Ryan Heinze, Sean Harn, Alyce Sullivan, Michael Wheelus, and Ryan Welch are collectively referred to as the "Officer Defendants" or "Individual Defendants."

1

fourth, and sixth causes of action. *See* Doc. No. 47.² Defendant City also moves to dismiss all causes of action against Officer Defendants. *See* Doc. No. 48. Officer Defendants move to dismiss all causes of action against them. *See* Doc. No. 53. Plaintiffs filed oppositions to all three motions, and Defendants replied. *See* Doc. Nos. 54, 55, 59, 60, 65, 66. On February 27, 2023, the parties appeared before the Court for oral argument on the motions at which time the Court took the matters under submission. *See* Doc. No. 67. For the reasons set forth below, the Court: (1) **GRANTS** Officer Defendants' motion to dismiss; (2) **DENIES IN PART** and **GRANTS IN PART** Defendant City's motion to dismiss; (3) **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant City; and (4) **DENIES AS MOOT** Defendant City's motion for summary judgment.

# I. B<span>ACKGROUND</span>

Based on the parties' and the Court's familiarity with the material facts of this case (both disputed and undisputed), the Court does not set forth a detailed recitation of those facts herein except as relevant to the disposition of the instant motions. Broadly, Plaintiffs challenge the constitutionality of the San Diego Police Department's conduct during a demonstration involving supporters and opponents of former President Donald Trump that took place in Pacific Beach on January 9, 2021.

Plaintiffs initiated this action on February 5, 2021. *See* Doc. No. 1. In the Original Complaint, Plaintiffs initially named the City of San Diego, San Diego Police Chief David Nisleit, San Diego Mayor Todd Gloria, and Does 1–10 as Defendants. *See* Doc. No. 1. Plaintiffs brought two causes of action for constitutional violations, seeking to hold the City liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), and the individual defendants pursuant to 42 U.S.C. § 1983. *See id.* ¶¶ 37–44.

---

² The Court notes that Plaintiffs do not allege a fifth cause of action in the SAC. *See* Doc. No. 34.

On May 24, 2021, the Court granted Defendants' motion to dismiss and granted in part and denied in part Defendants' motion to strike. *See* Doc. No. 7. On June 7, 2021, Plaintiffs filed their First Amended Complaint, which named only the City and Does 1–25 as Defendants. *See* Doc. No. 8. Plaintiffs brought five causes of action: (1) individual liability against Doe Defendants pursuant to 42 U.S.C. § 1983; (2) violation of the Ralph Act, Cal. Civil Code § 51.7 against Doe Defendants; (3) violation of the Bane Act, Cal. Civil Code § 52.1 against all Defendants; (4) negligence in violation of Cal. Civil Code § 1714 against all Defendants; and (5) assault and battery against all Defendants. *Id.* ¶¶ 31–58.

With leave of the Court, *see* Doc. No. 33, and unopposed by Defendants, *see* Doc. No. 32, Plaintiffs filed their SAC on December 7, 2021. *See* Doc. No. 34. By way of the SAC, Plaintiffs renamed the City and Does as defendants, and also named the ten Officer Defendants for the first time in this matter. Plaintiffs bring five causes of action: (1) individual liability against Officer Defendants pursuant to 42 U.S.C. § 1983; (2) violation of the Ralph Act, Cal. Civil Code § 51.7 against all Defendants; (3) violation of the Bane Act, Cal. Civil Code § 52.1 against all Defendants; (4) negligence in violation of Cal. Civil Code § 1714 against all Defendants; and (5) assault and battery against all Defendants. *Id.* ¶¶ 41–76.

On September 20, 2022, discovery closed pursuant to Magistrate Judge Gallo's Rule 16 scheduling order. *See* Doc. No. 41.[3] Per that same order, the deadline to file all dispositive pretrial motions was October 21, 2022. *See id.*

On October 21, 2022, Defendant City of San Diego filed a motion for summary judgment as to all claims against it pursuant to Federal Rule of Civil Procedure 56(c). *See* Doc. No. 47. That same day, Defendant City filed a motion to dismiss the claims

---

[3] Judge Gallo twice extended the deadlines set forth in the initial Rule 16 scheduling order, *see* Doc. No. 19, first on the Court's own motion, *see* Doc. No. 26, and then based on a joint motion by the parties, *see* Doc. Nos. 40, 41.

against the Doe Defendants and all named Officer Defendants for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative, failure to serve them pursuant to Federal Rule of Civil Procedure 4(m).  *See* Doc. No. 48.

Defendant City's motion to dismiss alerted Plaintiffs to their failure to serve the Officer Defendants.  Plaintiffs state that "[a]s soon as Plaintiffs learned of the oversight, Plaintiffs immediately had the individual officers served."  *See* Doc. No. 65 at 2.  Plaintiffs filed proof of service of summons as to the Officer Defendants on October 31, 2022.  *See id*.

On November 21, 2022, Officer Defendants moved the Court to dismiss them from this action for Plaintiffs' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See* Doc. No. 53.  Alternatively, Officer Defendants move the Court to dismiss the action against them for Plaintiffs' failure to timely serve them pursuant to Federal Rule of Civil Procedure 4(m).  *See id.*

## II. OFFICER DEFENDANTS' MOTION TO DISMISS

Officer Defendants move the Court to dismiss them from this action for Plaintiffs' failure to prosecute and failure to timely serve.  *See id.*  The Court addresses each argument in turn.

### A. Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'"  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)).  For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party."  *Id.* (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).  In determining whether to dismiss a case under Rule 41(b), a Court must weigh five factors: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (quoting *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing *Ferdik*, 963 F.2d at 1263).

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Since December 7, 2021, when they filed the SAC, Plaintiffs have—based on the docket and briefing before the Court—not taken any steps to prosecute this action against Officer Defendants. Although Plaintiffs urge that they "conduct[ed] all the discovery that was needed, by obtaining the body worn camera files of all the individual officers," *see* Doc. No. 65 at 3, this ignores Officer Defendants' ability to conduct discovery, and the Court's lack of jurisdiction over defendants who have not been served. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4. . . . [W]ithout substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."). Officer Defendants were named on December 7, 2021 but were not served until October 31, 2022. *See* Doc. Nos. 34, 52. The first factor therefore strongly favors dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("Given [the plaintiff's] failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

As to the second factor, Plaintiffs' failure to prosecute as to Officer Defendants consumed some of the Court's time that could have been devoted to other cases on the docket that are being diligently prosecuted. *See Ferdik v. Bonzelet*, 963 F.2d at 1261.

Moreover, as discussed further below, the alternative remedy at this juncture would be to reopen discovery, further interfering with the Court's ability to manage its docket. The Court concludes this factor also weighs strongly in favor of dismissal.

To make an adequate showing on the third factor,

> a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. . . . [P]endency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal. Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays.

*Id.* (internal quotation marks and citations omitted). "However, the law presumes prejudice if the delay is unreasonable." *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). As "[u]nnecessary delay inherently increases the risk that witnesses memories will fade and evidence will become stale[,]" the Court concludes the delay here was unreasonable; more than ten months elapsed between filing of the SAC and filing of proof of service of Officer Defendants. *Pagtalunan*, 291 F.3d at 643. Additionally, Plaintiffs did not catch their own mistake; they were alerted to their failure to serve the Officer Defendants by the City's instant motions. *See* Doc. No. 65 at 2. That said, "[t]he presumption [of prejudice] may be rebutted and if there is a showing that no actual prejudice occurred, that fact should be considered when determining whether the district court exercised sound discretion." *PPA* at 1228 (internal citations and quotation marks omitted). "A plaintiff may proffer an excuse for delay that, if anything but frivolous, shifts the burden of production to the defendant to show at least some actual prejudice." *Id.* at 1228 (internal citations and quotation marks omitted).

The Court concludes that Plaintiffs' excuse is frivolous. Plaintiffs urge that the failure to serve Officer Defendants was an "oversight" and argue that the city attorney "conduct[ed] discovery on the individual defendants' behalf through the City, attend[ed]

a mandatory settlement conference, depos[ed] Plaintiffs, provid[ed] bodycam videos from the individual officers, and hir[ed] an expert to analyze those bodycam videos and write a report." *See* Doc. No. 65 at 2, 3.  In support of this argument, Plaintiffs attach two requests for admission and two interrogatories to their opposition to the motion to dismiss. *See* Doc. No. 65-1 at 4–29.  But these documents all clearly list only the "City of San Diego" as the propounding party at the top of the document.  *See id.*  Plaintiffs fail to provide—and the Court is not aware of —any authority supporting their position on this point.  As explained above, Plaintiffs have not taken reasonable steps to prosecute their claims against Officer Defendants.  The Court therefore concludes this factor weighs strongly in favor of dismissal.

As to the fourth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.  This generally counsels against dismissal.  *See PPA*, 460 F.3d at 1228.  Moreover, the "policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez*, 138 F.3d at 399 (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)).  Accordingly, this factor weighs against dismissal.

Fifth and finally, the Court considers the availability of less drastic measures.  Here, the only less drastic measure available is for the Court to vacate the scheduling order, set new deadlines, reopen discovery, and holding the case as it relates to the City in abeyance.  This is still a drastic course, and Plaintiffs point to, and the Court is unaware of, no viable alternatives.

On balance, the Court finds that dismissal is warranted for failure to prosecute.  Accordingly, the Court **GRANTS** Officer Defendants' motion to dismiss.

B.  **Federal Rule of Civil Procedure 4(m)**

Rule 4(m) requires a district court to grant an extension of time to effect service only if a plaintiff shows good cause for the delay.  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  Absent a showing of good cause, the district courts have discretion either to dismiss the case without prejudice or to extend the time period to effect service.  *Id.* at 513.  "[A]t a minimum, 'good cause' means excusable neglect." *Id.* at 512 (quoting

*Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). "[I]nadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

Here, the Court finds no good cause for the delay in service. *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("[Counsel's] inadvertence . . . does not qualify as good cause"); *see also Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) ("We know of no cases in which counsel's failure to read Rule 4 . . . constitute[d] 'good cause' or 'justifiable excuse.'"). Moreover, as discussed above, the Court notes that the requests for admission and interrogatories proffered by Plaintiffs in support of their opposition to the motion to dismiss list only the City as the propounding party, which cuts against Plaintiffs' argument that discovery was conducted by Officer Defendants. *See* Doc. No. 65-1 at 4–29. Rule 4(m) squarely places the onus on a plaintiff to serve a defendant. Fed. R. Civ. P. 4(m). Plaintiffs apparently concede that they did not even attempt to serve Officer Defendants until October 2022. *See* Doc. No. 65 at 2; *see also* Doc. No. 52. The Court concludes that Plaintiffs have failed to demonstrate good cause for their failure to serve.

In the absence of good cause, district courts should consider several equitable factors in the exercise of their discretion. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Those factors include "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

On one hand, the statute of limitations would prevent Plaintiffs from re-filing their § 1983 claim. For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). In California, there is a two-year statute of limitations for personal injury actions such as §

1983 cases; here, it appears the two-year statute of limitations expired on January 9, 2023.[4]  *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  "This consideration should carry greater weight in § 1983 cases, because 'the public policy favoring resolution on the merits is 'particularly important in civil rights cases.'"  *Efaw*, 473 F.3d at 1043 (quoting *Hernandez*, 138 F.3d at 401 (itself quoting *Eldridge*, 832 F.2d at 1137)); *see also Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) (citing Fed. R. Civ. P. 4) (additional citations omitted) (explaining that "relief under Rule 4(m) may be justified, for example, if the applicable statute of limitations would bar the re-filed action.").[5]  Additionally, Officer Defendants have now been served in this case, albeit well outside Rule 4(m)'s 90-day window, which also weighs against dismissal.  *See* Doc. No. 52.

On the other hand, Plaintiffs offer no evidence that Officer Defendants received actual notice of the claims against them prior to service of the SAC on October 31, 2022.  *See id.*  Additionally, the last day to file dispositive motions has long since passed, and Officer Defendants urge—and the Court agrees—that it would be "very prejudicial to them if they are unable to file a summary judgment motion based on qualified immunity."  *See* Doc. No. 53-1 at 6.

On balance, the Court concludes the factors weigh in favor dismissal.  The Court therefore concludes that Federal Rule of Civil Procedure 4(m) provides additional grounds for dismissal of Officer Defendants.

### III. DEFENDANT CITY'S MOTION TO DISMISS

Defendant City moves to dismiss the named Officer Defendants for lack of prosecution pursuant to Federal Rule of Civil Procedure 41, or in the alternative, failure to timely serve them pursuant to Federal Rule of Civil Procedure 4(m).  Doc. No. 48.  To

---

[4] Regarding the statute of limitations as to their state law claims, Plaintiffs stated at the hearing that if the Court dismissed Officer Defendants without prejudice, Plaintiffs would have thirty (30) days to refile their state law claims in state court.
[5] At the hearing, Plaintiffs conceded that all Officer Defendants but Captain Novak could be dismissed.

the extent Defendant City brings this motion on behalf of the Officer Defendants, the Court **DENIES AS MOOT** Defendant City's motion as the Officer Defendants have now brought their own motion to dismiss on similar grounds. *See* Doc. No. 53.

Defendant City also moves to dismiss Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." To date, no additional Doe Defendants have been named since the Officer Defendants were named in the SAC on December 7, 2021. *See* Doc. No. 34.

Doe Defendants have not been served within the requisite time period under Rule 4(m). Additionally, discovery has closed and the deadline to amend the pleadings has long since passed, *see* Doc. Nos. 26, 41, so Plaintiffs' opportunity to name any Doe Defendants has ended. *See, e.g.*, *Dillingham v. Emerson*, No. 1:18-cv-00507-AWI-SAB (PC), 2022 U.S. Dist. LEXIS 211516, at *16 (E.D. Cal. Nov. 22, 2022). Additionally, at the February 27, 2023 hearing, Plaintiff's counsel conceded that Doe Defendants should be dismissed. Accordingly, the Court **GRANTS** Defendant City's motion to dismiss all claims against Doe Defendants.

### IV. SUPPLEMENTAL JURISDICTION

Given the dismissal of Officer Defendants, no federal claim remains against any Defendant. The Court therefore addresses whether it should continue to exercise supplemental jurisdiction over the remaining state law claims against the City.[6] Because

---

[6] At the hearing, Plaintiffs requested that they be allowed to add a claim for municipal liability against the City pursuant to *Monell v. Department of Social Services*, 436 U.S.658, 690–91 (1978) based on Captain Novak's purported actions. Plaintiffs previously voluntarily dropped their *Monell* claim against the City. *Compare* Doc. No. 1 ¶ 37–41 *with* Doc. No. 34 ("SAC"). Any claim not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended

the "jurisdictional questions ordinarily must precede merits determinations in dispositional order," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the Court considers first the issue of supplemental jurisdiction over the state law claims before reaching their merits.

The Court's authority to entertain state law claims is governed by 28 U.S.C. § 1367. Pursuant to § 1367, a district court may decline to exercise supplemental jurisdiction over a state claim, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). A "district court can decline jurisdiction under any one of [the] four provisions" of § 1367(c). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute, the court need not state its reasons for dismissal. *Id.*

Section 1367(c) "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise[.]" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 fn.7

---

pleading may be "considered waived if not repled"). The Court therefore **DENIES** Plaintiffs' request to amend the SAC at this late juncture.

(1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000). "The general rule is 'when federal claims are dismissed before trial, . . . pendent state law claims also should be dismissed.'" *Kohler v. Midway Land, LLC*, No. 12cv0148 JM(WMc), 2013 U.S. Dist. LEXIS 189703, at *12 (S.D. Cal. Apr. 5, 2013) (quoting *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364. 367–68 (9th Cir. 1992)); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

Here, considering the nature of Plaintiff's state law claims and that no federal claims remain in this case against any Defendant, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims against the City and dismisses them without prejudice. *See* 28 U.S.C. §1367(c)(1), (3); *see also Locantore v. Hunt*, 775 F. Supp. 2d 680, 689 (S.D.N.Y. Mar. 31, 2011) ("Plaintiff's federal claims are all dismissed prior to trial, and there is no reason to believe that judicial economy, convenience, or fairness would be served by this [c]ourt exercising supplemental jurisdiction over [p]laintiff's state law claims, and to do so would be inconsistent with the principle of comity."); *Cohill*, 484 U.S. at 351–57 (concluding that elimination of all federal claims gives the court "a powerful reason to choose not to continue to exercise jurisdiction"). Accordingly, the Court **DENIES AS MOOT** Defendant City's motion for summary judgment.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Officer Defendants' motion to dismiss, and **DENIES IN PART** and **GRANTS IN PART** Defendant City's motion to dismiss. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant City. The Court therefore **DENIES AS MOOT** Defendant City's motion for summary judgment. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** to being refiled in state court as consistent with state law and procedure, and consistent with the discussion above. Accordingly, this Order disposes of

all claims and concludes the litigation in the matter. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: March 6, 2023

HON. MICHAEL M. ANELLO
United States District Judge